IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTEHRN DIVISION

Case No. 7:25-CV-01028-M-KS

VINCENT CACCAVALE,

    Plaintiff,

v.

ONSLOW COUNTY,

    Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") entered by Magistrate Judge Kimbery A. Swank in this case on June 17, 2025. [DE 7]. Judge Swank recommends that the court deny Plaintiff's pro se Motion for Leave to Proceed In Forma Pauperis [DE 2] and provide him with time to pay the filing fee. *Id.* at 3. On July 3, 2025, Plaintiff filed a timely objection. [DE 8].

I. **Standard of Review**

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), a party's objections to the M&R must be "specific and particularized"

to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## II. Analysis

Plaintiff contests Judge Swank's finding that he has the resources to both pay the filing fee and provide himself with the necessities of life. [DE 8] at 2. Specifically, he advises that (1) his reported monthly expenses exceeds his monthly income; and (2) while he has cash reserves in several bank accounts, it is needed to cover his basic living expense. *Id.* at 1–2.

"A litigant may commence an action in federal court *in forma pauperis* ("IFP") by filing an affidavit in good faith containing a statement of assets and demonstrating that he cannot afford to pay the required fees of the lawsuit." *Willis v. Boyette*, No. 4:21-MC-3-M, 2022 WL 1447694, at *1 (E.D.N.C. Apr. 14, 2022) (citing 28 U.S.C. § 1915(a)(1)). The decision to permit or deny an IFP application is largely left to the discretion of the trial court. *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992). Still, the Supreme Court has counseled that a movant need not be "absolutely destitute" to qualify for relief under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, an affidavit is sufficient when it shows that a movant "cannot because of his poverty pay or give security for the costs and still be able to provide himself and [his] dependents with the necessities of life." *Id.* (cleaned up). In making this inquiry, courts have routinely examined whether a movant's income exceeds his expenses, and regardless of whether that is true, whether a movant "has ample funds in his checking accounts" to pay for the filing fee.

*Robinson v. Easley Police Dep't*, No. 8:24-cv-00534-HMH-KFM, 2024 WL 1055237, at *2 (D.S.C. Feb. 21, 2024)

Here, Plaintiff reports an expected monthly income of $5,507.00 and monthly expenses of $6,228.00. [DE 8-1] at 2, 5. Further, he reports have two checking accounts with $2,806.00 and $695.00, respectively. *Id.* at 2. After consideration of these disclosures, the court agrees with Judge Swank's assessment and finds that Plaintiff is not one of the "truly impoverished litigants who . . . would remain without a legal remedy if" their IFP application were not granted. *Vestal v. N. Wake Eye Care*, No. 5:21-CV-70-M, 2021 WL 6327705, at *1 (E.D.N.C. March 25, 2021) (quoting *Brester v. N. A. van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)). While, as Plaintiff notes, his monthly expenses exceed his monthly income, he has sufficient funds to pay the filing fee, and he has reported a significant and relatively stable income over the preceding twelve months.

For these reasons, the court ADOPTS only the conclusion contained in the M&R and DENIES Plaintiff's Motion for Leave to Proceed In Forma Pauperis [DE 2].

SO ORDERED this 3d day of July, 2025.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE