IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1028-BO-KS

| | | |
|---|---|---|
| VINCENT CACCAVALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ONSLOW COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss for failure to state a claim. [DE 22]. Plaintiff has responded [DE 25], defendant has replied [DE 26], and plaintiff has proposed a sur-reply [DE 27-1]. The Court also considers plaintiff's motion for leave to file a third amended complaint. [DE 28]. Defendant responded [DE 29] and plaintiff replied [DE 30]. In this posture, the motions are ripe for ruling. For the following reasons, defendant's motion to dismiss is granted and the motion for leave to amend is denied.

BACKGROUND

Plaintiff appears in this action pro se. On December 16, 2024, he and his service dog Hank sat as spectators in the gallery of Courtroom 8 in the Onslow County Courthouse. [DE 14, ¶ 12]. Plaintiff left to use the restroom, and on his return, Deputy Benjamin Donovan asked him if the dog was a service animal. *Id.* Plaintiff assured him the dog was a service animal. *Id.* When the court recessed, presiding Judge Ashley Gore asked plaintiff to approach the bar. *Id.* at ¶ 13. She asked if the dog was a service animal, and plaintiff assured her so. Judge Gore asked for the dog's documentation, and plaintiff "informed Judge Gore that, under the ADA, there is no documentation required for service animals, and that the only permissible questions are whether

Case 7:25-cv-01028-BO-KS    Document 32    Filed 07/08/26    Page 1 of 8

the dog is a service animal and what tasks it performs." *Id.* Plaintiff and the dog were escorted from the courtroom. *Id.*

Plaintiff returned for the afternoon session with a letter from a doctor stating his disability diagnosis and recommending he use a service animal. *Id.* at ¶ 15. He gave the letter to Deputy Donovan, who passed the letter to Judge Gore. Judge Gore asked plaintiff for documentation that the dog was credentialed by the ADA, seeking assurance that the dog had been properly vetted and trained. *Id.* When plaintiff provided none, he and the dog were again expelled from the courtroom. *Id.* at ¶ 19.

The operative complaint asserts two claims against the sole defendant, Onslow County. First, that it violated Title II of the ADA. [DE 14, ¶¶ 39–50]. Second, that it violated § 504 of the Rehabilitation Act. [DE 14, ¶¶ 51–62]. Plaintiff has also moved [DE 28] for leave to file a third amended complaint, adding additional defendants and claims.

## STANDARD

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

2

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

### I. Operative Complaint

Under *Monell*, a local government can be held liable under 42 U.S.C. § 1983 for its unconstitutional policies. 436 U.S. 658, 690–94 (1978). Municipal liability results only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. Municipal liability is not available under the theory of respondeat superior. *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984).

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotations omitted). Plaintiff argues Onslow County is liable under *Monell* for failing "to adequately train, supervise, or discipline its employees, including judges, deputies, and other court personnel, regarding the rights of individuals with disabilities and the lawful use of service animals in public facilities." [DE 14, p. 13].

Unlike constitutional claims brought under 42 U.S.C. § 1983, claims under Title II of the ADA and § 504 of the Rehabilitation Act arise directly under those statutes, and need not be asserted through § 1983 or *Monell*. "In enacting Title II of the ADA, Congress made it specifically applicable to the States and state entities[.]" *Fauconier v. Clarke*, 966 F.3d 265, 280 (4th Cir.

3

2020). "The Fourth Circuit has . . . held that a private right of action exists under Section 504 against a State entity." *Shepard v. Irving*, 204 F. Supp. 2d 902, 910 (E.D. Va. 2002) (citing *Davis v. Southeastern Cmty Coll.*, 574 F.2d 1158 (4th Cir. 1988), rev'd on other grounds, *Southeastern Cmty Coll., v. Davis*, 442 U.S. 397 (1979)). *See also Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 371 (D. Md. 2011).

The proper theory of municipal liability aside, plaintiff fails to state a claim because the acts of which he complains cannot fairly be attributed to defendant Onslow County. North Carolina judges "are employed by the State, not the County[.]" *Covington v. North Carolina*, 1:25CV347, 2025 U.S. Dist. LEXIS 134351, *1 (M.D.N.C. May 14, 2025). Deputies are not employees of the County either. *Knight v. Vernon*, 214 F.3d 544, 552 (4th Cir. 2000). Instead of the County, plaintiff's removal from the courtroom is properly attributable to Judge Gore, who has inherent and statutory power to impose reasonable limitations on access to the courtroom and preserve courtroom decorum. *State v. Tolley*, 290 N.C. 349, 363 (1976); N.C.G.S. 15A-1034(a). *Monell* liability "arises only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan*, 743 F.2d at 229. The removal directive in this case did not come from Onslow County or further its policies or customs.

Putting *Monell* aside, and construing plaintiff's claims as brought directly under the ADA and Rehabilitation Act, Judge Gore's removal directive is still not attributable to Onslow County. "Under the ADA and similar statutes, liability may be imposed on a principal for the statutory violations of its agent." *Rosen v. Montgomery Cnty. Maryland*, 121 F.3d 154, 157 n. 3 (4th Cir. 1997); *see also Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty.*, 673 F.3d 333, 338 (4th Cir. 2012) (expressing affection for the view that Title II of the ADA "applies to anything a public entity does" but ultimately declining to adopt that "broad approach"). While Onslow County is

4

peripherally related to state judges' acts by its provision and maintenance of the courthouse building, N.C.G.S. § 153A-169, Judge Gore did not act as an agent or instrumentality of the County in directing plaintiff's removal. *See Covington*, 2025 U.S. Dist. LEXIS 134351 at *1. Similarly, while "the board of commissioners may fix the number of salaried employees in the offices of the sheriff[,]" N.C.G.S. § 153A-103, Deputy Donovan carried out Judge Gore's directive, not the County's. Besides, the County board of commissioners does not have the "right to . . . supervise the employees" in the Sheriff's office. *Id.* Having concluded the operative complaint fails to state a claim, the Court turns to plaintiff's motion for leave to amend the complaint. [DE 28].

## II. Proposed Third Amended Complaint

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend their pleading once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After this time period has expired, amendments under Rule 15(a)(2) are allowed only with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). An amendment is therefore futile where the plaintiff fails to state a facially plausible claim, meaning that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

5

Plaintiff's proposed third amended complaint retains Onslow County as a defendant and names additional defendants. It also asserts additional claims. Plaintiff seeks to add the State of North Carolina, Judge Gore, Deputy Donovan, and unknown court personnel as John Does, all of them in their official capacities. [DE 28-1, p. 3]. The proposed amended complaint would assert claims under Title II of the ADA and § 504 of the Rehabilitation Act against all defendants, an *Ex Parte Young* claim against Judge Gore for alleged equal protection and due process violations, and a § 1983 claim against Onslow County. *Id.* at pp. 7–13.

As the proposed amended complaint alleges substantially the same facts as the operative complaint, the ADA, Rehabilitation Act, and § 1983 claims against Onslow County are deficient for the reasons discussed above. The claims against the John Doe defendants are also deficient, as the proposed amended complaint contains no allegation of specific misconduct committed by any John Doe defendant. When a plaintiff proceeds against unidentified defendants, "the complaint must provide each John Doe defendant with fair notice of the specific facts upon which his individual liability rests." *Parker v. White*, No. 5:12-CT-3082, 2012 WL 6701771, at \*2 (E.D.N.C. Dec. 26, 2012).

### a. *ADA and Rehabilitation Act Claims*

> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). In general, a plaintiff seeking recovery for violation of either statute must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability.

6

*Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005).

"Under both the [Rehabilitation Act] and the ADA, a plaintiff can make the requisite showing of a disability in one of three ways: (1) by demonstrating he has 'a physical or mental impairment that substantially limits one or more of [his] major life activities,' (2) by revealing 'a record of such an impairment,' or (3) by proving he is 'regarded as having such an impairment.'" *Cochran v. Holder*, 436 Fed. Appx. 227, 231 (4th Cir. 2011) (citing 29 C.F.R. § 1630.2(g)(1)). "To survive a Motion to Dismiss, the plaintiff must explain how the alleged disability meets one of these criteria; merely parroting the statutory language does not suffice." *Richardson v. Md. Transit Admin.*, 2019 U.S. Dist. LEXIS 32754, *21–22 (citing *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018)).

The proposed amended complaint alleges only that plaintiff "is an individual with a disability who relies on his trained service animal, Hank, to navigate his surroundings and manage disability-related symptoms" and that he is "an individual with a disability as defined by the ADA." [DE 28-1, ¶¶ 1, 6]. These conclusory statements do not allege an impairment that substantially limits a major life activity. While the proposed amended complaint also alleges plaintiff provided Judge Gore with "a doctor's letter confirming his disability and medical need for a service animal[,]" *id.* at ¶ 24, this indirect allegation that plaintiff had been diagnosed with a disability which would benefit from the presence of a service dog does not establish the diagnosis was of an impairment that substantially limits a major life activity. The proposed third amended complaint fails to state an ADA or Rehabilitation Act claim.

### b. *Ex Parte Young Claim Against Judge Gore*

The proposed amended complaint asserts an *Ex Parte Young* claim against Judge Gore. Under *Ex Parte Young*, "federal courts may exercise jurisdiction over claims against state officials

7

by persons at risk of or suffering from violations by those officials of federally protected rights, if (1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998).

The alleged violation is not ongoing. The violation for which plaintiff seeks relief admittedly happened *before* plaintiff filed the original complaint, and plaintiff has not alleged that at the time he filed the complaint, "responsible state officials were presently violating [his] ongoing rights." *Id.* at 628. Furthermore, plaintiff seeks prospective relief in the form of "an injunction requiring Judge Gore, in her official capacity, to cease enforcing any documentation requirements for service animals" [DE 28-1, ¶ 76]. As the third amended complaint explains, without "injunctive relief, Plaintiff faces a substantial risk of being subjected to similar discriminatory treatment in any North Carolina courthouse, as the judicial officer responsible for the violation retains authority to repeat the conduct." *Id.* at ¶ 73. There is no allegation, however, to suggest plaintiff as a spectator or litigant "would ever again attend a session of superior court presided over by Judge Gore, even if he were to walk into the same courtroom. *See* N.C. Const. Art. IV, § 11 (mandating that superior court judges rotate among the various districts within a division)." [DE 29, p. 16].

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint for failure to state a claim [DE 22] is GRANTED. Plaintiff's motion to file a sur-reply [DE 27] is DENIED as MOOT. Plaintiff's motion for leave to file a third amended complaint [DE 28] is DENIED. The Clerk is directed to enter judgment and close the case.

SO ORDERED, this __8__ day of July, 2026.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8